UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE *EX PARTE* APPLICATION OF<br><br>IN SEONG JEONG,<br><br>Applicant. | Case No. 25-mc-80030-BLF<br><br>**ORDER GRANTING *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS**<br><br>[Re: ECF 1] |

Before the Court is an *ex parte* application filed by In Seong Jeong ("Applicant") pursuant to 28 U.S.C. § 1782, seeking leave to take limited discovery from Google LLC for use in a civil proceeding pending in the Republic of Korea. *See* Applic., ECF 1. The Court finds the application to be suitable for disposition without a hearing. *See* Civ. L.R. 7-1(b). The application is GRANTED for the reasons discussed below.

**I.   BACKGROUND**

Applicant is a resident of Seoul, Republic of Korea. *See* Jeong Decl. ¶ 2, ECF 1-1. He works as a singer in the Republic of Korea. *See id.* ¶ 3. Applicant claims that an anonymous individual published his photograph on a YouTube channel without Applicant's permission, along with a message on the "About" page of the YouTube channel that insults and defames him. *See id.* ¶¶ 5-14. Applicant states that the message on the About page accuses him of being a psychopath or a sicko. *See id.* ¶ 11. In addition, prior to being recently changed, the handle name and title of the YouTube Channel suggested that Applicant's character is "crippled." *See id.* ¶¶ 6-8. Finally, the message on the About page accuses Applicant of bossing people around and of publishing his albums with the support of his parents. *See id.* ¶¶ 12-14.

      Applicant states that he has suffered mental and psychological harm as a result of the posting on the YouTube channel, including humiliation, stress, and insomnia. *See* Jeong Decl. ¶ 15. He also claims that his career as a singer has been significantly harmed by the posting. *See id.* ¶ 16. On January 14, 2025, Applicant filed a civil lawsuit for defamation and related claims against the anonymous individual in the Gwangju District Court in the Republic of Korea. *See id.* ¶ 17. However, Applicant has not been able to proceed with the lawsuit because he cannot identify the anonymous individual. *See id.* ¶ 20.

      Applicant's attorney has filed a declaration stating that the information necessary to identify the anonymous individual who posted the photograph and message is held by YouTube's parent company, Google LLC, which maintains its principle office in Mountain View, California. *See* Chong Decl. ¶¶ 6, 16-17, 37, ECF 1-2. Applicant filed the present action pursuant to 28 U.S.C. § 1782 on February 9, 2025, seeking leave to serve a subpoena on Google LLC requesting production of documents relating to the personal identifying information ("PII") of the anonymous individual who posted the photograph and message. *See* Applic & Ex. A (Subpoena). The action was assigned to the undersigned judge on February 10, 2025. *See* ECF 4.

## II. LEGAL STANDARD

In relevant part, § 1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made . . . upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

28 U.S.C. § 1782(a).

      As construed by the Supreme Court, § 1782 "authorizes, but does not require" a district court to permit discovery for use in a foreign proceeding. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004). "Section 1782's statutory language has been distilled to permit district courts to authorize discovery where three general requirements are satisfied: (1) the person from whom the discovery is sought 'resides or is found' in the district of the district court where the application is made; (2) the discovery is 'for use in a proceeding in a foreign or international

2

1  tribunal'; and (3) the application is made by a foreign or international tribunal or 'any interested
2  person.'" *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019) (quoting 28 U.S.C. §
3  1782(a)).
4    "[E]ven where an applicant satisfies § 1782's statutory prerequisites, the district court still
5  retains substantial discretion to permit or deny the requested discovery." *Khrapunov*, 931 F.3d at
6  926 (citing *Intel*, 542 U.S. at 264-65). "This discretion is guided by the Supreme Court's
7  articulation in *Intel* of four non-exclusive factors: (1) whether 'the person from whom discovery is
8  sought is a participant in the foreign proceeding;' (2) 'the nature of the foreign tribunal, the
9  character of the proceedings underway abroad, and the receptivity of the foreign government or
10 the court or agency abroad to U.S. federal-court judicial assistance;' (3) 'whether the § 1782(a)
11 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of
12 a foreign country or the United States;' and (4) whether the discovery requests are 'unduly
13 intrusive or burdensome.'" *CPC Pat. Techs. Pty Ltd. v. Apple Inc.*, 119 F.4th 1126, 1129 (9th Cir.
14 2024) (quoting *Intel*, 542 U.S. at 264-65).
15   It is common for § 1782 applications to be considered on an *ex parte* basis, as "parties will
16 be given adequate notice of any discovery taken pursuant to the request and will then have the
17 opportunity to move to quash the discovery or to participate in it." *IPCom GMBH & Co. KG v.*
18 *Apple Inc.*, 61 F. Supp. 3d 919, 922 (N.D. Cal. 2014) (internal quotation marks and citation
19 omitted); *see also In re: Ex Parte Application Varian Med. Sys. Int'l AG*, No. 16-MC-80048-MEJ,
20 2016 WL 1161568, at *2 (N.D. Cal. Mar. 24, 2016) ("§ 1782 petitions are regularly reviewed on
21 an *ex parte* basis.").

22 **III.   DISCUSSION**
23   **A.   Statutory Requirements**
24   The application satisfies the three statutory requirements of § 1782. With respect to the
25 first requirement, that the respondent be found in the district, "[a] business entity is 'found' in the
26 judicial district where it is incorporated or headquartered." *See Illumina Cambridge Ltd. v.*
27 *Complete Genomics, Inc., et al.*, No. 19-mc-80215, 2020 WL 820327, at *3 (N.D. Cal. Feb. 19,
28 2020) (collecting cases). Google LLC is headquartered in Mountain View, California, *see* Chong

United States District Court
Northern District of California

3

1  Decl. ¶ 6, which is in this district, *see United States v. Google LLC*, 690 F. Supp. 3d 1011, 1017
2  (N.D. Cal. 2023) ("Google's headquarters are in Mountain View, California, which is located
3  within the geographic boundaries of the Northern District of California.").
4        The second requirement, that the discovery is for use in a foreign proceeding, is satisfied
5  here because Applicant seeks the discovery to aid him in litigating a lawsuit pending in the
6  Gwangju District Court in the Republic of Korea. *See* Jeong Decl. ¶¶ 17-22. Other courts in this
7  district have found this statutory requirement satisfied where the applicant seeks discovery from
8  Google LLC to aid in foreign litigation arising from anonymous postings to YouTube. *See, e.g.,*
9  *Lee v. Google LLC*, No. 24-MC-80169-EJD, 2024 WL 3925712, at *2 (N.D. Cal. Aug. 22, 2024).
10       With respect to the third requirement, that the application be made by a foreign tribunal or
11 any "interested person," a litigant in the foreign proceeding is an "interested person" for purposes
12 of § 1782. *See Intel*, 542 U.S. at 256. As discussed herein, Applicant brought the Korean lawsuit
13 for which he seeks the discovery at issue here.
14       Having concluded that the statutory requirements are satisfied, the Court considers whether
15 the discretionary *Intel* factors weigh in favor of granting the application.
16     **B.**    **Discretionary *Intel* Factors**
17       The first *Intel* factor asks whether the respondent is a participant in the foreign action.
18 "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional
19 reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a)
20 aid." *Intel*, 542 U.S. at 264. Google LLC is not a party to the Korean lawsuit, and therefore is
21 outside the Korean court's jurisdictional reach. *See* Chong Decl. ¶ 17.
22       Under the second *Intel* factor, the district court "may take into account the nature of the
23 foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the
24 foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel*,
25 542 U.S. at 264. Kyongsok Chong, an attorney who is licensed to practice in the Republic of
26 Korea, has submitted a declaration stating: "Based upon my experience as an attorney licensed to
27 practice law in the Republic of Korea, civil courts of the Republic of Korea are receptive to
28 assistance in discovery by United States federal courts, including discovery of PII of individuals

4

1  publishing anonymous online statements or photographs in violation of portrait rights." Chong
2  Decl. ¶ 19.

3      The third *Intel* factor asks whether the request for discovery is an attempt to circumvent
4  foreign proof-gathering restrictions or other policies of the foreign country or the United States.
5  *See Intel*, 542 U.S. at 265.  Attorney Kyongsok Chong indicates that the requested discovery
6  would not conflict with any restrictions or policies under the laws of Korea, and represents that
7  Applicant is not attempting to circumvent any such restrictions or policies.  *See* Chong Decl.  ¶¶
8  18-20.  The court notes that with respect to policies of the United States, defamation claims may
9  implicate First Amendment issues but the First Amendment does not apply to foreign citizens in a
10 foreign country.  *See Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022)
11 ("The First Amendment doesn't apply to foreign citizens outside U.S. territory[.]").  The posted
12 material at issue is in the Korean language and is about a Korean resident.  *See* Jeong Decl. ¶ 2;
13 Hong Decl. ¶ 4 & Ex. A, ECF 1-3.  Nothing in the record suggests that the discovery sought here
14 would implicant First Amendment considerations.  Accordingly, the discovery request does not
15 appear to be an attempt to circumvent the laws or policies of either the Republic of Korea or the
16 United States.

17     The fourth *Intel* factor asks whether the requested discovery is unduly intrusive or
18 burdensome.  *See Intel*, 542 U.S. at 265.  The Court finds that the subpoena Applicant wishes to
19 serve on Google LLC is narrowly tailored to obtain information necessary to identify and litigate
20 against the individual who posted the anonymous material on YouTube.  Other courts in this
21 district have allowed the service of similar subpoenas on Google LLC pursuant to § 1782.  *See,*
22 *e.g., Med. Corp. Seishinkai v. Google LLC*, No. 5:22-MC-80282-EJD, 2023 WL 3726499 (N.D.
23 Cal. May 30, 2023).  To the extent Google believes that any of the information sought by
24 Applicant is confidential or proprietary, Google can bring a motion to quash or the parties can
25 enter a protective order.  *See In re Illumina Cambridge Ltd.*, No. 19-mc-80215, 2019 WL
26 5811467, at *5 (N.D. Cal. Nov. 7, 2019).

27     Having considered the four *Intel* factors, the Court in the exercise of its discretion finds it
28 appropriate to grant the application.

## IV. ORDER

(1) The *ex parte* application for leave to take limited discovery from Google LLC pursuant to 28 U.S.C. § 1782 is GRANTED.

(2) The applicant IS AUTHORIZED to issue and serve on Google LLC a subpoena for production of documents that is substantially similar to the proposed subpoena attached to the application as Exhibit A.

(3) The applicant SHALL serve a copy of this order, all underlying papers, and the authorized subpoena on Google LLC.

(4) The Clerk shall close the file.

(5) The Court retains jurisdiction over this matter.

Dated: February 11, 2025

_____
BETH LABSON FREEMAN
United States District Judge

6